IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TONY MAURICE GRAVES, | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CIVIL ACTION NO. |
| | : | 1:16-CV-02135-LMM |
| v. | : | |
| | : | CRIMINAL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:13-CR-00417-LMM-JSA-1 |
| | : | |
| Respondent. | : | |

## **ORDER**

This case comes before the Court on Movant Tony Maurice Graves's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [272], Motion for Clarification [276], and Motion to Expand the Record [287], as well as the Magistrate Judge's Final Report and Recommendation ("R&R") [284]. After due consideration, the Court enters the following Order.

Movant is a federal prisoner who pleaded guilty to one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951. See Dkt. No. [240] at 1. Judge William S. Duffey, Jr. sentenced Movant to 228-months' imprisonment. Id. at 2. The Eleventh Circuit affirmed. United States v. Graves, 609 F. App'x 635 (11th Cir. 2015) (per curiam). Movant then timely filed this § 2255 Motion on June 15, 2016. Dkt. No. [272]. Movant raised several claims, one of which was that his conviction for conspiracy to commit Hobbs Act robbery under 18 U.S.C. § 1951 no longer qualifies as a crime of violence in light of the

Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), and should be dismissed as unconstitutionally vague. See Dkt. Nos. [272] at 4; [272-1] at 1–5. After reviewing the § 2255 Motion, Judge Duffey found that Movant's claims did not fall within the scope of Johnson, and referred the Motion to a Magistrate Judge for further processing. Dkt. No. [274]. The Magistrate Judge then issued a Final R&R on January, 12, 2017. Dkt. No. [284]. No objections were filed. On July 2, 2018, this case was reassigned to the undersigned.

As an initial matter, the Court provides the following clarification in response to Movant's Motion for Clarification [276]. Movant filed that Motion seeking clarification on Judge Duffey's Order that summarily found his claims did not fall within the scope of Johnson. See Dkt. Nos. [274; 276]. In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), defining a "violent felony" was unconstitutionally vague. 135 S. Ct. at 2563. Movant argues that his conviction for conspiracy to commit Hobbs Act robbery is not a "crime of violence" after Johnson and should be dismissed. See Dkt. Nos. [272] at 4; [272-1] at 1–5. But Johnson cannot provide any relief for Movant. Even assuming that conspiracy to commit Hobbs Act robbery is not a "violent felony" or a "crime of violence" in light of Johnson, Movant was not sentenced under the ACCA. Neither was he convicted of violating 18 U.S.C. § 924(c), which relies on a definition of "crime of violence" in § 924(c)(3)(B) that is "very similar" to the vague language in the

ACCA's residual clause struck down in Johnson. See In re Pinder, 824 F.3d 977, 978 (11th Cir. 2016). Instead, Movant pleaded guilty to conspiracy to commit Hobbs Act robbery and was sentenced for that crime. Whether that crime is categorically a violent felony or a crime of violence is not relevant to whether Movant committed the crime. As a result, Movant's conviction cannot be dismissed because of Johnson.

Further, as the Magistrate Judge explained in the R&R, the career-offender provision in the United States Sentencing Guidelines did not affect Movant's guidelines range. See Dkt. No. [284] at 17–20. And even if the career-offender provision did impact Movant's guidelines range, it would not provide a basis for relief because since Movant filed his § 2255 Motion, the Supreme Court has held that Johnson does not apply to the advisory Sentencing Guidelines that Movant was sentenced under. See Beckles v. United States, 580 U.S. ___, 137 S. Ct. 886, 890 (2017). Therefore, Judge Duffey's finding that Movant's claims did not fall within the scope of Johnson was correct.

Next, the Court turns to the Magistrate Judge's Final Report and Recommendation ("R&R") [284]. As noted above, no objections were filed in response to the R&R. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has reviewed the R&R for clear error and finds none. Accordingly, the Court adopts the R&R as the opinion of the Court. For the reasons explained in the R&R, the Court finds that Movant's

Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [272] should be denied and that a Certificate of Appealability should be denied.

Last, the Court addresses Movant's Motion to Expand the Record [287]. Movant's Motion contends that in light of the Supreme Court's decision in <u>Mathis v. United States</u>, 579 U.S. \_\_\_, 136 S. Ct. 2243 (2016), his prior drug convictions do not qualify as "serious drug offenses" for purposes of the ACCA. Dkt. No. [287] at 1–2. Movant also contends that his prior robbery conviction under Georgia law does not qualify as a "crime of violence" under the ACCA. <u>Id.</u> at 2–3. But, as set out above, Movant was not sentenced under the ACCA or any other career-offender provision or statute affected by <u>Johnson</u> or <u>Mathis</u>. As a result, the Court must deny Movant's Motion to Expand the Record [287].

In accordance with the foregoing, the Court **ADOPTS** the Magistrate Judge's Final Report and Recommendation [284] as the opinion of the Court. The Court **DENIES** Movant Tony Maurice Graves's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [272] and Motion to Expand the Record [287]. The Court **GRANTS** Movant's Motion for Clarification [276]. A Certificate of Appealability is **DENIED**. The Clerk is **DIRECTED** to close this case.

4

**IT IS SO ORDERED** this  9  th day of July, 2018.

                                     *Leigh Martin May*
                                     Leigh Martin May
                                     **United States District Judge**